## State of Vermont v. Robert Lewis Rotax

[497 A.2d 378]

No. 84-155

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed May 31, 1985

*John J. Easton, Jr.*, Attorney General, and *Elizabeth Grant Rome*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*David A. Otterman* of *Otterman and Allen, P.C.*, Barre, for Defendant-Appellant.

**Underwood, J.** Following a bench trial, the defendant was found guilty of two violations of 10 V.S.A. § 4748(a), which makes it an offense to permit a dog to run at large, unaccompanied by its owner or keeper, after the owner or keeper has received notice that such dog has been found to hunt or pursue deer.

On appeal, defendant challenges his conviction on two main grounds: first, that the prior written notice he received from a game warden that his dog was found hunting and pursuing deer was misleading and inadequate and therefore did not meet the notice provision of the statute; second, that the evidence relied upon by the court to support its findings that defendant's dog had been "found" to hunt and pursue deer was wholly circumstantial and insufficient to warrant such a finding.

We disagree on both issues and affirm.

The trial court found that on March 8, 1982, a game warden received a call from Duxbury that dogs had a deer down on the snow. By the time the warden arrived at the scene, the dogs had been chased away from the animal by the person who first called the warden. The deer's tail had been chewed off and its hind quarters chewed. The deer was in such a state of shock that the warden had to kill it. There were the tracks of four dogs in the snow at the scene. The warden, by backtracking on the deer track, from the spot where the deer was downed, found that two sets of the dog tracks led him eventually to the defendant's residence. There he observed two spaniel dogs near the defendant's house. Both dogs were tired and they had snow clinging to their front legs. The warden knew the defendant and knew that he had two spaniels.

The warden then and there orally notified defendant's wife of the incident and cautioned her to keep the dogs tied.

Two days later, on March 10, 1982, the warden delivered a written warning to defendant and his wife on a printed form bearing the seal of the State of Vermont with a masthead reading: State of Vermont, Agency of Environmental Conservation, Department of Fish and Game. The notice below the masthead stated, in part, as follows:

> You will take notice that on *8* day of *March 1982* a certain dog(s) alleged to be owner [sic] or kept by you was (were) found hunting and pursuing deer.

A section of the Fish and Game Laws in part provides that:

'Section 4748. Dogs Pursuing Deer

(a) Dogs that will hunt or pursue deer shall not be permitted by the owner or keeper thereof to run at large, unaccompanied by said owner or keeper.'

While you may not have been aware of the violation on the above date, please be advised that such dogs shall not be allowed to run at large. Any such occurrence in the future will result in court action.

The penalty for violation is a fine of not more than $200, and a one year revocation of hunting, fishing, and trapping licenses.

On August 15 and 16, 1983, defendant's dog was observed by a deputy game warden, who was a neighbor of the defendant, to be off the defendant's premises unattended and on the deputy warden's premises. Defendant was thereafter cited for two violations of 10 V.S.A. § 4748(a). His conviction of these two offenses triggered this appeal.

I.

There is no disagreement between the parties that the provision of 10 V.S.A. § 4748 cited in the notice to the defendant dated March 10, 1982, is a quotation from 10 V.S.A. § 4748(a) before it was amended in 1981 (1981, No. 63) to read as follows:

A dog that has been found to hunt or pursue deer and whose owner or keeper has had notice to that effect shall not run at large unaccompanied by the owner or keeper.

Defendant contends that because the State furnished him with an erroneous citation of the law in the notice the game warden sent to him on March 10, 1982, he was not sufficiently informed as to how he should act in conformity with the law.

It is the defendant's further position, as set forth in his brief, that under 10 V.S.A. § 4748(a) (1973) "[t]he State had to prove that the owner either knowingly or negligently allowed his dog to run at large," whereas under the 1981 amendment to 10 V.S.A. § 4748(a), "the legislature eliminated the intent requirement . . . . In doing so it created an absolute or strict liability statute." In short, the dog owner is liable if the dog is unattended, regardless of the reason for the dog being loose. Thus, defendant argues, because the notice to him was defective, in that it conveyed a faulty

description of the elements of the offense, the conviction should be reversed.

■ The State insists the warning of March 10, 1982, when read in its entirety, adequately notified defendant that if at a subsequent date his dog should be found running at large, unaccompanied by his owner, defendant would be prosecuted. The State points out that prior to the written notice, defendant's wife also received a verbal warning from the deputy warden to keep the dog tied up. We agree with the State that the warning is not inadequate per se merely because it cites a statute which has been amended. Taken as a whole, the defendant was duly notified to restrain his dog because his dog was found to hunt or pursue deer.

Amended 10 V.S.A. § 4748 does not specify the manner in which the owner or keeper of the dog shall be notified that his dog "has been found to hunt or pursue deer." Verbal notice may be adequate under certain circumstances, and in such event written notice would be merely surplusage. Under the facts of this case there is little doubt that defendant knew what he was required to do to comport with the law, after the verbal notice on March 8, and the written notice on March 10, 1982. The State has demonstrated it was in substantial compliance with the law so far as actual notice to the defendant is required.

## II.

Defendant's second contention is that the court's finding that defendant's dog "has been found to hunt and pursue deer" (an element of the crime of dogs pursuing deer, as set out in 10 V.S.A. § 4748(a)) is unsupported by the evidence. He insists that all the evidence on this issue was circumstantial, and at best insufficient to prove, beyond a reasonable doubt, that his dog had been previously found to hunt or pursue deer. We disagree.

Our rule is self-explanatory: findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses and the weight of the evidence. *State* v. *Driscoll*, 137 Vt. 89, 95, 400 A.2d 971, 975 (1979). Although the evidence is entirely circumstantial, there is ample evidence in the record to support the court's finding.

It is well established that the guilt of a defendant in a criminal case may be proved by circumstantial evidence alone, if that evidence is proper and sufficient in itself. . . .

The standard of proof is the same whether the evidence is direct or circumstantial: the facts necessary to establish the elements of a crime must be proved beyond a reasonable doubt. . . . And this proof of facts includes reasonable inferences properly drawn therefrom.

*State* v. *Kerr*, 143 Vt. 597, 603, 470 A.2d 670, 673 (1983).

A review of the record reveals that on March 8, 1982, after the warden had put the deer out of its misery, he backtracked on the deer's tracks. It soon became apparent to him that one of the four dogs that had been pursuing the deer broke away from the pack and left the area. He then followed the tracks of the other three dogs—one large and two small ones. The tracks of these three dogs and the tracks of the deer indicated to the warden that they had been chasing the deer three times around a swamp in back of defendant's house. While the warden was in the process of retracing the deer's tracks, and that of the tracks of the large dog and the two small dogs, he encountered a German shepherd and defendant's two Brittany spaniels. The dogs appeared to him to have been running because they were wet, tired, and had frozen snow stuck to the front of them.

From the evidence at hand and the reasonable inferences that could be drawn therefrom, we are satisfied that the court's findings were supported by credible evidence.

*Judgment affirmed.*